(376 U. S. 254) is applicable to this case, the present record does not lend itself to summary disposition of the issue of actual malice. Concur — Botein, P. J., Eager, Capozzoli and McGivern, JJ.; Stevens, J., dissents in the following memorandum: I agree with the majority that *New York Times Co.* v. *Sullivan* (376 U. S. 254) is applicable. However, I would reverse and dismiss the complaint. Here, as in the companion appeal decided herewith (*Gilligan* v. *King*, 29 A D 2d 935) the motion to dismiss is made pursuant to CPLR 3211 (subd. [a], par. 7; subd. [c]). As in such appeal I would treat this motion as a motion for summary judgment also. Plaintiff alleges upon information and belief that the statements complained of were made by defendant Farmer. Farmer does not here make a specific denial but merely asserts he has no recollection of making such statements. However, Farmer does set forth at length the detailed investigation made by him or at his instigation, the report of the District Attorney, the content of the unidentifiable phone calls, the transmission of such information to the office of the District Attorney, defendant's attempt to check its accuracy and the refusal of the police to permit an interview with plaintiff. All of this would seem to negative any contention that the statements, even if made, were made with knowledge of their falsity or with reckless disregard of their truth. (See *Schneph* v. *New York Post Corp.*, 23 A D 2d 822, affd. 16 N Y 2d 1011.) Plaintiff does not identify the source of his information as to the making of these statements nor does he set forth the basis for his belief. This is insufficient. In light of the public and social interests here involved, the various points of genuine controversy as to the nature of the act from which sprang the expression of opinion, and the very legitimate interest of defendant in the issues, such statements, if made, would not support the charge of slander. (*Jacobowitz* v. *Posner*, 28 A D 2d 706, affd. 21 N Y 2d 936.)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELAINE JUSTUS, Appellant, *v.* RAYMOND JUSTUS, Respondent.— Judgment dismissing the mother's petition for a writ of habeas corpus to obtain cutody of her three children, unanimously modified on the law and the facts and in the exercise of discretion, without costs and without disbursements to any party, in the following respects: the mother is accorded rights of visitation every Sunday afternoon from the hours of 2:00 to 4:00 P.M., at the home of the children's grandparents, where the record indicates they are presently residing. In the event this direction should prove to be unfeasible, application may be made to Special Term for a determination of other times or circumstances, in the discretion of the court. The order below in totally denying visitation to the mother in the circumstances in this case was not warranted. Settle order on notice. Concur — Steuer, J. P., Tilzer. McGivern, Rabin and McNally, JJ.

■ In the Matter of the Arbitration between LOUISE MURINO, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant; EMPIRE MUTUAL INSURANCE COMPANY, Respondent.— Order entered on December 15, 1967, unanimously reversed, on the law and the facts, with $30 costs and disbursements to respondent-appellant against respondent-respondent, the matter is remanded to Special Term for a hearing to determine whether the disclaimer by respondent-respondent was valid, and the arbitration is stayed pending such determination. Sufficient controversy exists concerning the time of receipt of notice of the accident by the insurer to preclude a finding on that issue without a trial. Special Term's exclusive reliance on the insurer's version of the time of receipt was error in view of the factual statements by the other parties indicative of earlier notification. The insurer's contention regarding waiver is likewise a matter to be reserved for hearing. Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McNally, JJ.